# Exhibit B



fisherphillips.com
fisherphillips.com

**Boston**
200 State Street
7th Floor
Boston, MA  02109

(617) 722-0044 Tel
(617) 532-5899 Fax

**Writer's Direct Dial:**
617-532-9323

**Writer's E-mail:**
jnadreau@fisherphillips.com

July 28, 2023

*VIA E-MAIL TO SCOTT.LATHROP@COMCAST.NET*

Scott A. Lathrop, Esq.
176 Fitchburg Road
Townsend, Massachusetts 01469

      Re:    Bennani-Persechini v. Rippling PEO 1, Inc., Dkt. 1:23-cv-11548 (D. Mass.)
               **Rule 11 Sanctions Notice**

Dear Scott:

      I write on behalf of my client Rippling PEO 1, Inc. pursuant to Federal Rule of Civil Procedure 11 to renew our request that Christina Bennani-Persechini withdraw these claims for lack of legal basis and frivolity. As you are aware, under Rule 11, the presentation of a pleading or other paper to the court certifies that, to the best of that person's knowledge and belief "formed after an inquiry reasonable under the circumstances," the factual contentions therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). By creating an affirmative duty of investigation both as to law and as to facts, this Rule 11 certification is intended to deter frivolous actions and costly, meritless, maneuvers. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). This rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable[.]" *McCarty v. Verizon New England, Inc.*, 772 F. Supp. 2d 362 (D. Mass. 2011).

      The Massachusetts Rules of Professional Conduct impose a similar obligation: "A lawyer shall not bring, continue, or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." MASS. R. PROF. CON. 3.1.

      Bennani-Persechini's complaint raises one claim—violation of the Massachusetts Paid

**Fisher & Phillips LLP**
Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando
Philadelphia · Phoenix · Pittsburgh · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

July 28, 2023
Page 2

Family and Medical Leave Act, M.G.L. c. 175M. This she alleges is based on Rippling PEO 1, Inc.'s pausing the vesting of certain restricted stock units while she was out on leave. As detailed to you in multiple communications with representatives of Rippling PEO 1, Inc. prior to you filing suit, this practice is not unlawful, and is specifically permitted under the Paid Family and Medical Leave Act's enabling regulations.[1]

Specifically, under 458 CMR 2.16(1), "[l]eave periods under M.G.L. c. 175M ***need not be treated as credited service for purposes of benefit accrual, vesting and eligibility to participate.***" Instead, this regulation clarifies that the law only requires that the use of protected leave under the statute not impact any "previously held right to accrue vacation time, sick leave, bonuses, advancement, seniority, length-of-service credit or other employment benefits, plans or programs" "***[u]pon reinstatement***." *Id.*[2]

Your naked citation in the complaint to M.G.L. c. 175M, § 2(f) without including the very regulation interpreting that statutory provision is either mistaken, or an effort to intentionally mislead the court in furtherance of your client's frivolous claims. Moreover, additional interpretative authority found on the Department of Family and Medical Leave's website further confirms that pausing vesting of restricted stock units is perfectly legal:

> **Keeping Previously Held Benefits**
>
> When you come back to work at the end of your approved family or medical leave, your employer is not allowed to reduce, pause, or stop your previously held right, 458 C.M.R. 2.16(1), to earn vacation or sick time, seniority, length-of-service credits, bonuses, or any other employment benefits, plans, or programs because you went on leave. However, your employer does not need to treat the time of your PFML leave as credited service for purposes of benefit accrual, vesting and eligibility to participate in employment benefits.

*See Notices, Appeals, and Employee Protections under Paid Family and Medical Leave (PFML)*, MASS. DEP'T OF FAMILY & MEDICAL LEAVE, *available at* https://www.mass.gov/info-details/notices-appeals-and-employee-protections-under-paid-family-and-medical-leave-pfml#your-job-protections- (last visited July 27, 2023).

---

[1] Specifically, on June 5, 2023 and June 8, 2023, Rippling PEO 1, Inc.'s counsel repeatedly informed you that the Massachusetts Paid Family and Medical Leave Act permits the complained of activity, and that, in fact, the implementing regulation clarified that there is no obligation to continue equity vesting during Massachusetts Paid Family and Medical Leave.

[2] "Where a statute authorizes the [administrative agency] to promulgate rules and regulations to enforce and administer the statute, and where those regulations are duly promulgated, they 'are presumptively valid.'" *McCauley v. Superintendent, Massachusetts Corr. Inst., Norfolk*, 491 Mass. 571, 583 (2023). Courts apply "a deferential review of the regulation [and] [the court's] "deference is especially appropriate where, as here, the statute in question involves an explicit, broad grant of rule-making authority." *Id.*; *see also* M.G.L. c. 175M, § 8(g) ("The department [of paid family and medical leave] shall enforce this chapter and shall promulgate rules and regulations pursuant to this chapter.").

July 28, 2023
Page 3

      Though the plain language of M.G.L. c. 175M, § 2(f) and 458 CMR 2.16(1) soundly resolve your client's claim in Rippling's favor, the interpretation of similar language in the federal Family and Medical Leave Act of 1993 also forecloses the relief sought. Both FMLA and PFML require employers to maintain health insurance benefits. *See* 29 U.S.C. § 2614(c); M.G.L. c. 175M, § 2(f). Moreover, FMLA (like PFML) does not require "accrual of any seniority or employment benefits during any period of leave." 29 U.S.C. § 2614(a)(3). *See also DiIorio v. Manor*, 319 F. App'x 115, 119 (3d Cir. 2009) (FMLA does not require employee "to be treated as if he had actually worked during the period of his leave.").[3]

      There is simply no evidence that the PFML law prohibits a pause in the vesting of any employee benefits, and in fact, the regulations and interpretative case law under the FMLA unequivocally demonstrate that the practice is allowed. In light of the foregoing, it is clear that Bennani-Persechini's claim is frivolous and has no basis in law.

      Pursuant to the "safe harbor" provision of Rule 11, Bennani-Persechini has twenty-one (21) days to withdraw her claims. See FED. R. CIV. P. 11(c)(2). Given the absence of any discernible legitimate basis for this suit, if appropriate action is not taken to withdraw these claims, please be advised that Rippling PEO 1, Inc. intends to file a motion for sanctions pursuant to Rule 11 against Bennani-Persechini and her counsel, as appropriate, and additionally request that it recover all costs and fees associated with that sanctions motion.

      Please respond in writing by August 18, 2023, to apprise me of your decision with respect to Bennani-Persechini's claims.

                                                                        Sincerely,

                                                                       Joshua D. Nadreau
                                                                       For FISHER & PHILLIPS LLP

---

[3] Massachusetts courts interpreting state law will defer to interpretations of federal statutes when the two statutes are similar. *See, e.g.*, *Swift v. AutoZone*, 441 Mass. 443, 447 (2004) (looking at legislative history of FLSA to determine overtime exemption status under Massachusetts law); *Goodrow v. Lane Bryant, Inc.*, 432 Mass. 165, 171 (2000) (using federal definition of terms under FLSA where such terms were "nearly identical" to language used in state law).