UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA BENNANI-PERSECHINI    ) | |
| ) | |
| Plaintiff,    ) | CIVIL ACTION |
| ) | NO. 23-11548-JGD |
| v.    ) | |
| ) | |
| RIPPLING PEO 1, INC.,    ) | |
| ) | |
| Defendant.    ) | |

## ORDER ON DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

### I. BACKGROUND

On June 20, 2023, Plaintiff Christina Bennani-Persechini ("Bennani-Persechini") brought this action against her former employer, Rippling PEO 1, Inc. ("Rippling"), alleging that Rippling had unlawfully paused the accrual of certain restricted stock units to which she was entitled under a Restricted Stock Unit ("RSU") agreement during a leave she had taken pursuant to the Massachusetts Paid Family and Medical Leave Act ("PFML"), Mass. Gen. Laws ch. 175M.[1] The litigation itself was short-lived, and on November 29, 2023 this court issued its Memorandum of Decision and Order granting Rippling's Motion to Dismiss and dismissing Bennani-Persechini's complaint against Rippling. (See Docket Nos. 17, 18). In dismissing the complaint, this court concluded that the plaintiff's interpretation of Mass. Gen. Laws ch. 175M, § 2(f) as requiring the accrual of stock benefits during leave was not supported by the language of the statute or the statutory scheme, found no support in caselaw or otherwise, and was contradicted by the language of several explicit regulations. (See Docket No. 17).

---

[1] Bennani-Persechini originally brought suit in Middlesex County Superior Court, but Rippling later removed the action to this court on July 11, 2023 pursuant to 28 U.S.C. § 1332. (See Docket No. 1).

This matter is presently before the court on Rippling's Motion for Sanctions (Docket No. 19) wherein Rippling now seeks, pursuant to Fed. R. Civ. P. 11, reimbursement of the costs and attorney's fees it expended in defending itself in the litigation.  While the court finds the request to be meritorious, recent case law makes it clear that a motion under Rule 11 must be filed before the court dismisses the challenged pleading.  Therefore, after consideration of the parties' written submissions and their oral arguments, the court is constrained to deny Rippling's Motion for Sanctions.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 11(c)(2), a motion for sanctions:

> must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

As the First Circuit Court of Appeals recently confirmed, Rule 11(c)(2)'s procedural requirements "are mandatory rather than suggested" and, taken together, they form the sort of "safe harbor" contemplated by the rule.  Triantos v. Guaetta & Benson, LLC, 91 F.4th 556, 561 (1st Cir. 2024).  Therefore, under the text of Rule 11(c)(2), "sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion."  Id. (citations and quotations omitted).  Moreover, because a party can no longer withdraw a challenged claim or contention which a reviewing court has already adjudicated, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."  Id. (quoting Fed. R. Civ. P. 11, Notes of Advisory Committee on

[2]

Rules – 1993 Amendment).

As the First Circuit's recent decision in Triantos makes abundantly clear, these procedural requirements are exacting, "inflexible[,]" and must be satisfied "before a party may move for sanctions and before a district court may impose any sanctions[.]" Triantos, 91 F.4th at 563-64 (additional citation and quotations omitted). Accordingly, "[o]nce an action is dismissed, a party may no longer move for sanctions under Rule 11." Id. at 562 n.2.

In the instant case, Rippling served its Motion for Sanctions on plaintiff on January 19, 2024, and filed it with the court on February 22, 2024. (See Docket No. 19 at 2). This was all several months after the court had issued its November 29, 2023 Memorandum of Decision and Order dismissing Bennani-Persechini's complaint. (See Docket No. 17). Consequently, the motion for sanctions must be denied. Triantos, 91 F.4th at 564 (motion for sanctions under Rule 11 was "simply too late" since complaint had already been dismissed).[2]

The First Circuit has also made clear that the fact that a party merely sent notice of its intention to seek Rule 11 sanctions before moving for sanctions does not excuse the late filing of a motion for sanctions after a complaint is dismissed. Here Rippling sent a "Rule 11 Sanctions Notice" to Bennani-Persechini's counsel on July 28, 2023 (Docket No. 20-2) and then filed its motion to dismiss on August 4, 2023, "after Plaintiff refused to withdraw her claims[.]" (Docket No. 20 at 5). The motion for sanctions was not served until January 19, 2024, more than 21 days after the notice had been sent. However, the First Circuit has expressly ruled that

---

[2] This court must adhere to the procedural requirements of Rule 11 even though no party raised this argument. To conclude otherwise would "undermine [the] objectives" of the safe-harbor provisions. Triantos, 91 F.4th at 563 (First Circuit addresses "procedural failures" in Rule 11 motion even though they had not been raised before the trial court).

while parties are "encouraged" to provide informal notice before serving a Rule 11 motion, it is only the actual service of the Rule 11 motion that "triggers the 21-day safe harbor period." Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 447 (1st Cir. 2022).  Therefore, any Rule 11 motion must be served on a party at least 21 days before it is filed with the court, and the motion for sanctions cannot be filed after the complaint is dismissed.  See Triantos, 91 F.4th at 565 (award of Rule 11 sanctions reversed where motion was not filed until "long after the district court already had dismissed the offending complaint," and "in any event," defendant's sending of a letter did not meet its obligations under Rule 11 to serve a motion for sanctions at least 21 days before filing it with the court).

### III.  CONCLUSION

For the reasons detailed herein, Rippling's Motion for Sanctions (Docket No. 19) is DENIED.[3]

Dated: April 30, 2024

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[3] While this court would have otherwise allowed sanctions against Bennani-Persechini's counsel on the basis that the legal arguments advanced by counsel were indeed frivolous, any such ruling is constrained by the obvious procedural deficiencies discussed infra.

[4]